FILED

GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SBN 222749)
TIMOTHY B. DEL CASTILLO (SBN 277296)
gknopp@akingump.com
mcuriel@akingump.com
tdelcastillo@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone:   310-229-1000
Facsimile:   310-229-1001

2012 JUL 17 PM 4:08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Defendant Starbucks Corporation

CONFORM AND RETURN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BIRDSALL and TAHIRAH THOMPSON, individually, and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STARBUCKS CORPORATION, a Washington corporation; STARBUCKS COFFEE COMPANY, a Washington corporation; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. **CV12-6165** — PA (PJWx) <br><br> **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2), 1441, 1446 AND 1453** <br><br> [Declarations of Mark R. Curiel and Jana Rutt, Civil Case Coversheet, Notice of Related Cases, Notice of Pendency of Other Actions, Notice of Interested Parties Filed Concurrently] <br><br> Date Action Filed: April 24, 2012 <br><br> (*Los Angeles County Superior Court, No. BC483348*) |

103470267 v3

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   CENTRAL DISTRICT OF CALIFORNIA:

3       PLEASE TAKE NOTICE that Defendant Starbucks Corporation dba Starbucks

4   Coffee Company ("Starbucks") hereby removes to this Court the state court action

5   described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.  In

6   support thereof, Starbucks states as follows:

7       1.    On April 24, 2012, a putative class action was commenced and is currently

8   pending against Starbucks in the Superior Court of California, County of Los Angeles,

9   as Case No. BC483348, entitled *Rebecca Birdsall and Tahirah Thompson, individually,*

10   *and on behalf of other members of the general public similarly situated, Plaintiffs vs.*

11   *Starbucks Corporation, a Washington corporation; Starbucks Coffee Company, a*

12   *Washington corporation; and Does 1 through 10, inclusive, Defendants*.  On June 18,

13   2012, Starbucks was served with the Complaint and First Amended Complaint ("FAC").

14   *See* Declaration of Mark R. Curiel in Support of Starbucks Corporation's Notice of

15   Removal of Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453 ("Curiel

16   Decl.") ¶¶ 2–3. Attached as **Exhibit A** to the Curiel Declaration is a true copy of the

17   Summons, Civil Case Cover Sheet, Notice of Case Assignment, Complaint, the State

18   Court's May 16, 2012 Minute Order Designating Case as Non-Complex and

19   Reassigning Judge, ADR Information Package, Voluntary Efficient Litigation

20   Stipulations, and Notice of Service of Process. Attached as **Exhibit B** to the Curiel

21   Declaration is a true and correct copy of the First Amended Complaint.  Attached as

22   **Exhibit C** to the Curiel Declaration is a true and conformed copy of Starbucks Answer

23   to the FAC, filed in Los Angeles County Superior Court on July 13, 2012. *See* Curiel

24   Decl. ¶ 4. There have been no further proceedings in this case and no other pleadings

25   have been served upon Plaintiffs or Starbucks in this action. *See* Curiel Dec. ¶ 5.

26       2.    Plaintiffs allege that they were, during the relevant time, employed by

27   Starbucks as non-exempt assistant store managers.  Plaintiffs assert claims for: (1)

28

1

1   violation of California Labor Code §§ 510 and 1198 for unpaid overtime; (2) violation

2   of California Labor Code §§ 1194, 1197, and 1197.1 for unpaid minimum wages; (3)

3   violation of California Labor Code §§ 2800 and 2802 for unpaid business expenses; (4)

4   violation of California Labor Code § 226(a) for non-compliant wage statements; (5)

5   violation of California Labor Code §§ 201 and 202 for wages not timely paid upon

6   termination; and (6) violation of California Business and Profession Code §§ 17200, *et*

7   *seq.* *See* FAC ¶¶ 35–75.  Plaintiffs also allege meal and rest break violations.  FAC ¶¶

8   73–74.  Plaintiffs purport to bring these claims on behalf of a putative class consisting of

9   "[a]ll non-exempt or hourly paid assistant managers who worked for Defendants in a

10  California Starbucks location within four years prior to the filing of this complaint until

11  the date of certification."  FAC ¶ 15.

12         3.     Starbucks Notice of Removal is timely because it was filed within thirty

13  (30) days of June 18, 2012, the date on which the complaint and summons were served

14  on Starbucks.  *See* Curiel Dec. ¶ 2; 28 U.S.C. § 1446(b).

15         4.     Under 28 U.S.C. § 1441(a), a defendant may remove to federal district

16  court "any civil action brought in a State court of which the district courts of the United

17  States have original jurisdiction."  Because the above-described action is a civil action

18  of which this Court has original jurisdiction, for the reasons set forth below, it may be

19  removed to this Court.

20         5.     Diversity Jurisdiction.  This Court has diversity jurisdiction over Plaintiffs'

21  action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Under

22  CAFA, federal district courts have original jurisdiction over a class action if (1) it

23  involves 100 or more putative class members, (2) any class member is a citizen of a

24  state different from any defendant, and (3) the aggregated amount in controversy

25

26

27

28

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION

103470267 v3

1  exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5),

2  and (d)(6).[1]

3       6.    Class Size. If Plaintiffs' class allegations are established, the class will

4  exceed 100 members. *See* FAC ¶ 19(a) ("[T]he class is estimated to be greater than one

5  hundred (100) individuals . . . ."); Declaration of Jana Rutt in Support of Notice of

6  Removal of Action ("Rutt Decl.") ¶ 8.

7       7.    Diversity of Citizenship under CAFA. "[U]nder CAFA, complete diversity

8  is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d

9  1018, 1021 (9th Cir. 2007). Minimal diversity exists if any class member is a citizen of

10  a state different from any defendant. 28 U.S.C. § 1332(d)(2).

11       8.    Starbucks is informed and believes that Plaintiffs, at the time this action

12  was commenced, were and are citizens of the State of California. Plaintiffs each allege

13  that they are residents of California. *See* FAC ¶ 5; *Albrecht v. Lund*, 845 F.2d 193, 194–

14  95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint

15  contained allegation consistent with diversity and plaintiff failed to contest the petition

16  for removal).

17       9.    Starbucks is not a citizen of the State of California. "[A] corporation shall

18  be deemed to be a citizen of any State by which it has been incorporated and of the State

19  where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Starbucks is

20  not incorporated in California. Rather, at the time this action was commenced,

21  Starbucks was and is a corporation organized and incorporated under the laws of the

22  State of Washington. *See* FAC ¶ 6; Rutt Decl. ¶ 2. Nor is California the state in which

23  Starbucks has its principal place of business. Rather, as shown below, Starbucks

24  principal place of business is located in the State of Washington.

---

[1] Plaintiff alleges that every individual putative class member's damages are under $75,000. FAC ¶ 1. Even if true, this allegation bears no significance because the $75,000 requirement is not applicable to a removal under the CAFA. *See, e.g., Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010).

3

10.     The Supreme Court has explained that a district court should apply what had been formerly referred to by Courts of Appeals as the "nerve center" test to identify a corporation's principal place of business. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under the "nerve center" test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* A corporation's nerve center is a "single place," and "should normally be the place where the corporation maintains its headquarters." *Id.* at 1193. Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, where income tax returns are filed, and where day-to-day control over the company is executed. *See, e.g., AHTNA Gov't Servs. v. 52 Rausch, LLC.*, No. C 03-00130 SI, 2003 WL 403359 (N.D. Cal. Feb. 19, 2003).

11.     Under these criteria, Starbucks principal place of business is in Washington. Starbucks maintains its corporate headquarters in Seattle, Washington. Rutt Decl. ¶ 2. Starbucks executive officers, including the chairman, president, chief financial officer, executive vice-presidents, and general counsel, maintain their offices at Starbucks headquarters in Seattle, Washington. *Id.* ¶ 3. From its headquarters in Washington, the Company manages day-to-day operations, including determining and implementing company-wide policy regarding human resources, marketing, finance, accounting, income tax, product distribution, and legal issues. *Id.* ¶ 4. Meetings of Starbucks Board of Directors and stockholders take place in the state of Washington. *Id.* ¶ 5. In addition, Starbucks financial records are maintained in Washington, and the Company's tax returns are filed from the executive offices in Washington. *Id.* ¶¶ 6–7.

12.     Accordingly, this action is between citizens of different states—Plaintiffs, who are citizens of California, and Starbucks, which is a citizen of Washington.

13.     <u>Amount in Controversy Under CAFA</u>. Starbucks avers, for purposes of

4

103470267 v3

1 | this Notice only, that Plaintiffs' claims place more than $5 million in controversy.[2]

2 |     14.    Although Plaintiffs allege that their claims amount to less than $5 million

3 | (*see* FAC ¶ 1), this case still meets the jurisdictional requirements for removal because it

4 | is certain that there is, in fact, more than $5 million in controversy.  In *Lowdermilk v.*

5 | *U.S. Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007), the Ninth Circuit established a

6 | defendant's burden of proof for showing the amount in controversy in a CAFA diversity

7 | case where, as here, a plaintiff pleads damages of less than the jurisdictional amount.

8 | *Id.* at 998–99.  The *Lowdermilk* court acknowledged that while a plaintiff is the "'master

9 | of her complaint' and can plead to avoid federal jurisdiction," such discretion is not

10 | absolute and may be overcome by a showing to a "legal certainty" that jurisdiction

11 | exists.  *Id.*  Thus, *Lowdermilk* makes clear that Plaintiffs' allegations are not dispositive

12 | of the amount in controversy.  Rather, they simply trigger the "legal certainty" standard

13 | against which the defendant's evidence is judged.  *Id.  See, e.g., Lara v. Trimac Transp.*

14 | *Serv. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366 (C.D. Cal. Aug. 6,

15 | 2010) (defendant may remove case even where plaintiff limits recovery in the complaint

16 | to under the jurisdictional minimum); *Collins v. Guitar Ctr., Inc.*, Nos. 09md2121,

17 | 10cv755-LAB (POR), 2010 WL 2682760, at *1–3 (S.D. Cal. July 2, 2010) (finding

18 | defendant established with certainty that amount in controversy in wage and hour case

19 | exceeded $5 million where named plaintiff specifically disclaimed all recovery over

20 | $4,999,999).

21 |     15.    Here, it is a legal certainty that the amount in controversy surpasses $5

22 | million.  For the Fifth Cause of Action, Plaintiffs allege that Starbucks owes penalties

23 | for having failed to pay all wages to employees upon the end of their employment, as

24 | required by Sections 201 and 202 of the California Labor Code.  *See* FAC ¶¶ 62–67.

25 |

---

26, 27 |    [2] A defendant may make the requisite showing by setting forth additional facts in the notice of removal or by affidavit.  *See Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

28 |

103470267 v3

1  Under Labor Code Section 203, former employees whom an employer willfully denied
2  wages may recover penalties in the amount of their daily rate of pay for a period of up
3  to thirty days. *See* Cal. Lab. Code § 203. Plaintiffs allege that Starbucks utilizes a
4  uniform practice of requiring assistant managers to work off the clock without
5  compensation. *See* FAC ¶ 41. Thus, under Plaintiffs' theory, all non-exempt California
6  assistant managers were paid less than they are owed, and therefore all former assistant
7  managers are owed Section 203 penalties.

8      16.    Starbucks has employed 1,928 individuals in the non-exempt assistant
9  manager position in California since April 24, 2009.[3] Rutt Decl. ¶ 9. Of those
10 individuals, 637 are no longer employed with the company. *Id.* ¶ 11. Thus, Plaintiffs'
11 putative class includes 637 individuals who could recover Section 203 penalties under
12 Plaintiffs' claim. These individuals earned an average of $16.91 per hour. *Id.* ¶ 14.
13 Because these individuals typically worked eight hours per day, their average daily rate
14 of pay is $135.20. *Id.* ¶ 12. Accordingly, a 30-day penalty would be approximately
15 $4,056 per person. Therefore, with respect to the 637 putative class members who are
16 former employees, the amount of Section 203 penalties in controversy exceeds
17 $2,583,000 for this claim alone.

18     17.    For their Fourth Cause of Action, Plaintiffs allege that Starbucks violated
19 Labor Code Section 226 by providing wage statements that did not include the address
20 and full name of the employer, total time worked, and applicable rates of overtime pay.
21 *See* FAC, ¶¶ 56–61. Section 226 provides for a penalty of at least $50 for the initial pay
22 period in which a violation occurs and at least $100 for each violation in a subsequent
23 pay period. *See* Cal. Lab. Code § 226(e).

24     18.    The class of employees whom Plaintiffs claim is entitled to penalties under
25 Section 226 includes the 989 individuals who worked as non-exempt assistant store

26 _____

27 [3] A three-year statute of limitations applies to claims brought pursuant to Section 203. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395–96 (2010).

28

1  managers in California since April 24, 2011.[4] Rutt Decl. ¶ 10.  Plaintiffs have alleged a

2  uniform practice of providing deficient wage statements (which statements are issued

3  *bi-weekly*).[5]  Even assuming the average employee has received only ten allegedly

4  deficient wage statements, the amount in controversy with respect to Plaintiffs' Fourth

5  Cause of Action would exceed $939,000.

6       19.    When the unpaid wages claims are factored in as well, the jurisdictional

7  amount is plainly satisfied.  Plaintiffs' First and Second Causes of Action assert failure

8  to pay overtime and minimum wage compensation as a result of alleged off the clock

9  work. *See* FAC ¶¶ 35–50.  The putative class with respect to the unpaid wages claims

10  would include at least 3,149 individuals who have worked as non-exempt assistant

11  managers in California since April 24, 2008.  Rutt Decl. ¶ 8.  These individuals earned

12  $16.79 per hour on average. *Id.* ¶ 13.  Therefore, the average class member would be

13  due $25.19 per overtime hour worked.[6]  If, on average, putative class members worked

14  only 20 hours of unpaid overtime in the *more than four years* since April 24, 2008—

15  equaling only 5 hours of overtime per year (less than six minutes per week)—the total

16  amount in controversy for the unpaid overtime wages claims would exceed $1,586,000.

17       20.    In short, when the penalties at issue are combined with the unpaid overtime

18  and minimum wages at issue—without even accounting for Plaintiffs' other claims,

19  including for unreimbursed business expenses, FAC ¶¶ 51–55, meal and rest break

20

21  _____

22  [4] A one-year statute of limitations applies to claims for penalties under Section 226(e). *See Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372, at *14 (C.D. Cal. June 22, 2012).

23  [5] "An employee suffering injury as a result of a knowing and intentional failure

24  by an employer to [provide accurate wage statements] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

25  pay period, not exceeding an aggregate penalty of ($4,000) . . . ." Cal. Lab. Code § 226(e).

26  [6] Because overtime is compensated at a time-and-a-half rate, an employee earning

27  $16.79 per hour would be compensated $25.19 for each overtime hour worked. *See* Cal. Lab. Code § 510.

28

103470267 v3

premiums, FAC ¶¶ 71–75, liquidated damages, and attorney's fees—the amount in controversy clearly exceeds the $5,000,000 threshold. *See Lowdermilk*, 479 F.3d at 1000 (attorney's fees are included in the amount in controversy in a class action).

21.     There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or require it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

22.     <u>Venue</u>.  The United States District Court for the Central District of California is the judicial district embracing the place where Case No. BC483348 was filed by Plaintiffs and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant requests that the above action now pending against it in the Superior Court of California, County of Los Angeles, be removed therefrom to this Court.

Dated: July 17, 2012

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By_____
              Mark R. Curiel
    Attorneys for Starbucks Corporation

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION

103470267 v3

# CONFORM AND RETURN

1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
2  MARK R. CURIEL (SBN 222749)
TIMOTHY B. DEL CASTILLO (SBN 277296)
3  2029 Century Park East
Suite 2400
4  Los Angeles, CA 90067
Telephone:  310-229-1000
5  Facsimile:  310-229-1001

6

7  Attorneys for Defendant STARBUCKS CORPORATION

8

9

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF LOS ANGELES

12

13  REBECCA BIRDSALL and TAHIRAH       Case No. BC483348
    THOMPSON, individually, and on behalf of
14  other members of the general public similarly   [Assigned to the Honorable Susan Bryant-
    situated,                          Deason for All Purposes]

15                     Plaintiffs,      **DEFENDANT STARBUCKS
                                        CORPORATION'S ANSWER TO**
16         v.                           **PLAINTIFFS REBECCA BIRDSALL
                                        AND TAHIRAH THOMPSON'S FIRST**
17  STARBUCKS CORPORATION, a            **AMENDED COMPLAINT**
    Washington corporation; STARBUCKS
18  COFFEE COMPANY, a Washington        Date Action Filed:  April 24, 2012
    corporation; and DOES 1 through 10,
19  inclusive,                          Dept. 52

20                     Defendants.

21

22

23

24

25

26

27

28

---

DEFENDANT STARBUCK CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Starbucks Corporation (hereinafter "Defendant") (also erroneously sued herein as Starbucks Coffee Company),[1] hereby answers the First Amended Complaint filed by Plaintiffs Rebecca Birdsall and Tahirah Thompson ("Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation of the Complaint. Further, without waiving or excusing the burden of proof of the Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following defenses:

## FIRST DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

(Statute of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statute of limitations.

## THIRD DEFENSE

(Waiver)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs by their actions have waived their right to recovery.

## FOURTH DEFENSE

(Standing)

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiffs lack the requisite standing to assert each purported cause of action.

---

[1] "Starbucks Coffee Company" is a fictitious business name for defendant Starbucks Corporation, a Washington Corporation.

1

DEFENDANT STARBUCK CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1
2

### FIFTH DEFENSE

(De Minimus Doctrine)

3   The Complaint, and each purported cause of action contained therein, is barred to the extent the
4   de minimus doctrine applies to Plaintiffs' claims.

5

### SIXTH DEFENSE

6

(No Willfulness)

7   The Complaint, and each purported cause of action contained therein, is barred because the
8   alleged conduct of Defendant and its agents was not willful.

9

### SEVENTH DEFENSE

10

(Good Faith)

11   The Complaint, and each purported cause of action contained therein, is barred because
12   Defendant and its agents acted in good faith at all times and had reasonable grounds to believe that no
13   violation of any applicable law, statute, and/or regulation occurred.

14

### EIGHTH DEFENSE

15

(Compliance with Statute)

16   The Complaint, and each purported cause of action contained therein, is barred because
17   Defendant and its agents at all times complied and/or substantially complied with all applicable
18   statutes, regulations and laws.

19

### NINTH DEFENSE

20

(Paid All Sums)

21   The Complaint, and each purported cause of action therein, is barred because Defendant has
22   paid Plaintiffs, and the members of the putative class they purport to represent, all sums due them.

23

### TENTH DEFENSE

24

(Failure to Mitigate)

25   The Complaint, and each purported cause of action contained therein, and Plaintiffs' alleged
26   recovery, are barred to the extent that Plaintiffs failed to mitigate the injury or damages alleged in the
27   Complaint.

28

DEFENDANT STARBUCK CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**ELEVENTH DEFENSE**

(Class Certification Requirements Not Met)

Defendant is informed and believes, and on that basis alleges, that this action does not meet the requirements for class action treatment.

**TWELFTH DEFENSE**

(Class Action Civil Penalties Unconstitutional)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs' claim for civil penalties on behalf of a class is unconstitutional in violation of the United States and California Constitutions.

**THIRTEENTH DEFENSE**

(Impermissible Representative Action)

Plaintiffs are barred from obtaining relief against Defendant, because California Business and Professions Code Section 17200, et seq., does not permit representative actions where liability can be determined only through fact-intensive individualized assessments of alleged wage and hour violations.

**FOURTEENTH DEFENSE**

(Injunctive Relief)

The Complaint, and each purported cause of action contained therein, is barred to the extent it fails to allege facts sufficient to state a claim for injunctive relief.

**FIFTEENTH DEFENSE**

(No Private Right of Action)

The Complaint, and each purported cause of action contained therein, is barred to the extent no private right of action exists to enforce the asserted claims.

**SIXTEENTH DEFENSE**

(Class Certification Denied)

Plaintiffs are barred from relief to the extent class certification has already been denied on the same claims.

///

DEFENDANT STARBUCK CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## SEVENTEENTH DEFENSE

### (Estoppel)

The Complaint, and each purported cause of action contained therein, is barred to the extent the alleged actions of Defendant or its agents were a result of conduct by Plaintiffs for which they cannot equitably seek recovery against Defendant.

## EIGHTEENTH DEFENSE

### (Class Action Settlement Release)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs' claims are covered by a class action settlement and release.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.　　that Plaintiff takes nothing by the Complaint;

2.　　that the Complaint be dismissed with prejudice;

3.　　that judgment be entered in favor of Defendant;

4.　　for attorney's fees and costs of suit incurred herein; and

5.　　for such other and further relief as the Court may deem just and proper.

Dated: July 13, 2012

AKIN GUMP STRAUSS HAUER & FELD LLP
GREGORY G. KNOPP
MARK R. CURIEL
TIMOTHY B. DEL CASTILLO

By _____
　　Timothy B. Del Castillo
Attorneys for Defendant Starbucks Corporation

4

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067.  July 13, 2012, I served the foregoing document(s) described as: DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFFS REBECCA BIRDSALL AND TAHIRAH THOMPSON'S FIRST AMENDED COMPLAINT on the interested party(ies) below, using the following means:

     Mark Yablonovich, Esq.
     Neda Roshanian, Esq.
     Michael Coats, Esq.
     LAW OFFICES OF MARK YABLONOVICH
     1875 Century Park East, Suite 700
     Los Angeles, CA  90067-2508

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on July 13, 2012, at Los Angeles, California.

Robin-lyn Mendick
[Print Name of Person Executing Proof]         [Signature]

PROOF OF SERVICE

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, CA 90067.  On July 17, 2012, I served the foregoing document described as: **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2), 1441, 1446 AND 1453** on the interested party(ies) below, using the following means:

Mark Yablonovich, Esq.
Neda Roshanian, Esq.
Michael Coats, Esq.
LAW OFFICES OF MARK YABLONOVICH
1875 Century Park East, Suite 700
Los Angeles, CA  90067-2508

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at _____, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2012, at Los Angeles, California.

Robin-lyn Mendick
[NAME]                                                          Signature

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 6165 PA (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*

STARBUCKS CORPORATION, a Washington corporation; [...]
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)*

REBECCA BIRDSALL, individually, and on behalf of other members
of the general public similarly situated, Plaintiff,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

APR 24 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KEI LeFLEUR-CLAYTON

SUM-100

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>
The name and address of the court is:
*(El nombre y dirección de la corte es:)* Los Angeles Superior Court, Central
Stanley Mosk Courthouse, 111 N. Hill St, Los Angeles CA 90012
</td><td>
CASE NUMBER:
*(Número del Caso):*
BC483348
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Law Offices of Mark Yablonovich, 1875 Century Park East, Ste. 700, Los Angeles, CA 90067, (310)286-0246

| DATE:<br>*(Fecha)* | APR 24 2012 | JOHN A. CLARKE, Clerk | Clerk, by | AMBER LeFLEUR-CLAYTON | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Starbucks Corporation, a Washington Corporation.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Birdsall v. Starbucks | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

[...] STARBUCKS COFFEE COMPANY, a Washington corporation; and DOES 1 through 10, inclusive, Defendants.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**CONFORM AND RETURN**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>REBECCA BIRDSALL and TAHIRAH THOMPSON, individually, and on behalf of other members of the general public similarly situated. | **DEFENDANTS**<br>STARBUCKS CORPORATION, a Washington corporation; STARBUCKS COFFEE COMPANY, a Washington corporation; and DOES 1 through 10 inclusive. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Mark Yablonovich (SBN 186670)   LAW OFFICES OF MARK YABLONOVICH<br>Neda Roshanian (SBN 225337)   1875 Century Park East, Suite 700<br>Michael Coats (258941)   Los Angeles, CA 90067 Tel: (310) 286-0246 | Attorneys (If Known)<br>Gregory W. Knopp (SBN 237615)   AKIN GUMP STRAUSS HAUER & FELD LLP<br>Mark R. Curiel (SBN 222749)   2029 Century Park East, Suite 2400<br>Timothy B. Del Castillo (SBN 277296)   Los Angeles, CA 90067 Tel: (310) 229-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs assert violations of the California Labor Code. Diversity jurisdiction under 28 U.S.C. Sections 1332(D)(2); 1441(A), 1446, and 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV12-6165**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): <u>CV08-07919; CV11-07982 – GAF (PJWk)</u>
<u>GAF (PJWk)</u>

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
   ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Birdsall)<br>San Bernardino County (Thompson) | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington State (Starbucks Corporation dba Starbucks Coffee Company) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County<br>San Bernardino County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _7/17/12_

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |